## Case No. 2,150.

### BURFORD v. CRANDELL et al.

[2 Cranch, C. C. 86.][1]

Circuit Court, District of Columbia. Nov. Term, 1813.

BANKS—LIEN UPON STOCK FOR UNPAID NOTES.

The Bank of Potomac has a lien upon its stock in the hands of a stockholder whose notes are lying over, unpaid.

[See Union Bank of Georgetown v. Laird, 2 Wheat. (15 U. S.) 390; In re Dunkerson, Case No. 4,156; Brent v. Bank of Washington, Id. 1,834; Same v. Same, 10 Pet. (35 U. S.) 596.]

In equity.

The bill was brought by John A. Burford, who, in right of his wife, was administrator of the estate of Joseph Dyson, her first husband, against Crandell's administratrix and the Bank of Potomac, to compel the defendant Crandell to transfer ten shares of the stock of the Bank of the Potomac to the plaintiff, as administrator of Dyson's estate, and in the mean time to prevent a transfer to others. The facts appear to be that Joseph Dyson died in September, 1803. His widow, Hannah Dyson, administered, and Crandell was her surety. She afterwards married the plaintiff, Burford. By her marriage settlement, she was to manage her own property as a feme sole. After her marriage with Burford, she subscribed for ten shares of the Bank of Potomac, in her own name, and paid up the installments. This stock she loaned and transferred to Crandell, to give him a credit with the bank, and he obtained a discount upon his own note, indorsed by Mr. Powell. By one of the articles of association of that bank, no stockholder can transfer his stock while his notes are lying over unpaid. Crandell died, and his note was lying over.

All proper parties being made, THE

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

COURT decided that the bank had a lien on the stock, and, upon final hearing, dismissed the bill.